**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

W. C., an inmate at the Maryland
House of Correction,
Plaintiff-Appellant,

v.

BISHOP L. ROBINSON, Secretary of
Public Safety and Correctional
Services; RICHARD LANHAM; MERRY
COPLIN; FRED JORDAN; ELMANUS
HERNDON; HOWARD N. LYLES; FORD
BREWER, Dr.; CORRECTIONAL
MEDICAL SERVICES (CMS), Inc.;
ROBERT C. GRANGER; NEVZAT
TURKMAN; DR. SHAW-TAYLOR; PHP
HEALTHCARE CORPORATION; JAMES

No. 96-7549

ROLLINS; THE ESTATE OF VICTOR J.
LUCKRITZ, by Patrick McCardle,
Personal Representative,
Defendants-Appellees,

and

PHILLIP R. NICHOLS; STEVEN F.
ASHCRAFT; DENNIS HUGHES; ROBERT
BUCHANAN; FARRAOUHK MOHADJERIN;
JAMES TINNEY, III; MICHAEL
MIGINSKY,
Defendants,

JEFFREY TAYLOR, Esquire, acting on
behalf of the plaintiff,
Party in Interest.

Appeal from the United States District Court
for the District of Maryland, at Baltimore.
Edward S. Northrop, Senior District Judge.
(CA-94-1881-N)

Argued: May 6, 1997

Decided: June 4, 1997

Before RUSSELL and HALL, Circuit Judges, and
Joseph F. ANDERSON, Jr., United States District Judge for the
District of South Carolina, sitting by designation.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

**ARGUED:** Robert Bruce McElhone, LAW OFFICES OF PETER G.
ANGELOS, P.C., Baltimore, Maryland, for Appellant. Kevin Francis
Arthur, KRAMON & GRAHAM, P.A., Baltimore, Maryland; Wendy
Ann Kronmiller, Assistant Attorney General, Baltimore, Maryland;
Paul T. Cuzmanes, WILSON, ELSER, MOSKOWITZ, EDELMAN
& DICKER, Baltimore, Maryland, for Appellees. **ON BRIEF:** Ger-
trude C. Bartel, KRAMON & GRAHAM, P.A., Baltimore, Maryland,
for Appellees Correctional Medical Systems, et al; Stephanie Lane-
Weber, Assistant Attorney General, Baltimore, Maryland, for Appel-
lees Robinson, et al; Thomas C. Swiers, WILSON, ELSER, MOS-
KOWITZ, EDELMAN & DICKER, Baltimore, Maryland, for
Appellees PHP Healthcare, et al; Susan T. Preston, GOODELL,
DEVRIES, LEECH & GRAY, Baltimore, Maryland, for Appellee
McArdle.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

_____

2

**OPINION**

PER CURIAM:

W.C., an inmate in a Maryland state prison, appeals the summary judgment in favor of the defendants in W.C.'s action in which he alleged that he contracted the AIDS virus from a prison dentist who had the disease but who took inadequate precautions in his dental practice. We affirm.

The dentist's death on May 7, 1991, from AIDS-related causes was widely reported in the Maryland newspapers. An AIDS testing and counseling program was quickly instituted for all inmates who had been treated by the dentist. W.C. had his first blood test on May 28, 1991, and a prison nurse informed him on June 13, 1991, that the results were positive. The nurse also noted that the test often returned false-positive results, and W.C. was retested. On July 4, he was told that the results of the second test were positive.

Three years later, on July 5, 1994, W.C. filed suit against a host of defendants under a variety of theories. The district court dismissed the federal claims on the ground that the suit was filed after the statute of limitation had expired.*

The parties agree that Maryland's three-year limitations applies, that the accrual date is a matter of federal law, and that "[u]nder federal law a cause of action accrues when the plaintiff possesses sufficient facts about the harm done to him that reasonable inquiry will reveal his cause of action." Nasim v. Warden, Md. House of Correction, 64 F.3d 951, 955 (4th Cir. 1995) (en banc). The only argument W.C. raises on appeal is that he must have had "unequivocal notice" that he was actually harmed (that he had the virus) before he can be deemed to have been placed on inquiry notice of his cause of action. He contends that the circumstances existing prior to July 4, 1991 -- for instance, that he was asymptomatic and that he was told that the tests often returned false-positive results-- raise at least a

_____

*The district court declined to exercise jurisdiction over the state law causes of action. W.C. takes no issue with this ruling.

3

genuine issue of fact about when he should be deemed to have known that he had been harmed.

The district court held that the cause of action accrued on June 16, 1991, because that is when W.C. had sufficient knowledge that he was infected and that it could have been caused by contact with the prison dentist; "unequivocal notice" or near-certainty of the injury's existence and its cause are not required to trigger the limitations period. We affirm for the reasons set forth in the district court's memorandum opinion. W.C. v. Robinson, Civil No. N-94-1881 (D. Md. Aug. 20, 1996).

AFFIRMED

4